UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE:<br>MGA FARMERS MARKET, INC. d/b/a THE FRUIT TREE,<br>　　　　　　　　Debtor. | Case No. 8-04-80070-SB<br>Chapter 11 |
| ALPHAS COMPANY OF NEW YORK, INC., B.T. PRODUCE CO., INC., COOSEMANS SPECIALTIES, INC., D'ARRIGO BROS. CO. OF NEW YORK, INC., FIERMAN PRODUCE EXCHANGE, INC., DORAL FINEST, INC., D.M. ROTHMAN PRODUCE CO., INC., SQUARE PRODUCE, INC., A.J. TRUCCO, INC.,TOP BANANA CO., INC.,<br><br>　　　　　　　　Plaintiffs,<br><br>　　　　-against-<br><br>MGA FARMERS MARKET, INC. d/b/a THE FRUIT TREE,<br><br>　　　　　　　　Defendant. | Adversary Proceeding No. _____<br><br>**COMPLAINT IN AN ADVERSARY PROCEEDING** |

ALPHAS COMPANY OF NEW YORK, INC., B.T. PRODUCE CO., INC., COOSEMANS SPECIALTIES, INC., D'ARRIGO BROS. CO. OF NEW YORK, INC., FIERMAN PRODUCE EXCHANGE, INC., DORAL FINEST, INC., D.M. ROTHMAN PRODUCE CO., INC., SQUARE PRODUCE, INC., A.J. TRUCCO, INC.,TOP BANANA CO., INC., (collectively the "Plaintiffs") for their complaint against Debtor, allege:

## I. PARTIES AND JURISDICTION

1.　　Plaintiff ALPHAS COMPANY OF NEW YORK, INC. is a New York corporation with its principal place of business in New York and is engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities ("produce") in interstate commerce.

1

2. Plaintiff B.T. PRODUCE CO., INC. is a New York corporation with its principal place of business in New York and is engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities ("produce") in interstate commerce.

3. Plaintiff COOSEMANS SPECIALTIES, INC. is a New York corporation with its principal place of business in New York and is engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities ("produce") in interstate commerce.

4. Plaintiff D'ARRIGO BROS. CO. OF NEW YORK, INC. is a Massachusetts corporation authorized to do business in New York with its principal place of business in New York and is engaged in the business of buying and selling wholesale quantities of produce in interstate commerce.

5. Plaintiff FIERMAN PRODUCE EXCHANGE, INC. is a New York corporation with its principal place of business in New York and is engaged in the business of buying and selling wholesale quantities of produce in interstate commerce.

6. Plaintiff DORAL FINEST, INC. is a New York corporation with its principal place of business in New York and is engaged in the business of buying and selling wholesale quantities of produce in interstate commerce.

7. Plaintiff D.M. ROTHMAN PRODUCE CO., INC. is a New York corporation with its principal place of business in New York and is engaged in the business of buying and selling wholesale quantities of produce in interstate commerce.

8. Plaintiff SQUARE PRODUCE, INC. is a New York corporation with its principal place of business in New York and is engaged in the business of buying and selling wholesale quantities of produce in interstate commerce.

9. Plaintiff A&J TRUCCO, INC. is a New York corporation with its principal place of business in New York and is engaged in the business of buying and selling wholesale quantities of produce in interstate commerce.

10. Plaintiff TOP BANANA CO., INC. is a New York corporation with its principal place of business in New York and is engaged in the business of buying and selling wholesale quantities of produce in interstate commerce.

11. Debtor MGA FARMERS MARKET, INC. d/b/a THE FRUIT TREE ("MGA FARMERS MARKET"), is a New York corporation, which was a licensed dealer in perishable agricultural commodities subject to the provisions of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. §499 et seq. and purchased produce from the Plaintiffs.

12. This Court has jurisdiction over this proceeding by virtue of 28 U.S.C. §157, 11 U.S.C. §727(a)(2)(a), (a)(4)(a), 11 U.S.C. §523 (a)(2)(B), (a)(4) and (a)(6). This is a Core Proceeding.

13. On or about January 7, 2004, the above-named defendant filed a Chapter 11 Petition in bankruptcy, bearing the above case number.

14. This is an adversary proceeding in which plaintiffs seek a determination that the defendant must disgorge the sum of FORTY-THREE THOUSAND FOUR HUNDRED FORTY-FIVE and 50/100 ($43,445.50) DOLLARS representing trust funds under the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. §499e(c) in favor of the plaintiffs.

15. The PACA imposes a fiduciary duty upon the defendant MGA FARMERS MARKET in the event of its non-payment to pay the unpaid balance of produce and not to otherwise dissipate or divert trust assets.

16. Defendant has a principal place of business located at 1500 Sunrise Highway, Copiague, New York 11726.

## Count I
### (Failure to Pay Trust Funds)

17. The plaintiffs repeat and reallege the allegations set forth in paragraphs "1" through "16."

18. This action is brought to enforce the trust provisions of P.L. 98-273, the 1984 amendment to Section 5 of the PACA, 7 U.S.C. §499 e(c).

19. (a) Between May 8, 2003 and August 7, 2003, Plaintiff ALPHAS COMPANY OF NEW YORK, INC.. sold produce to MGA FARMERS MARKET in interstate commerce, the unpaid balance of which is TWELVE THOUSAND ONE HUNDRED SEVEN and NO/100 ($12,107.00) DOLLARS.

(b) Between September 8, 2003 and September 10, 2003, Plaintiff B.T. PRODUCE CO., INC. sold produce to MGA FARMERS MARKET in interstate commerce, the unpaid balance of which is SIX HUNDRED SIXTY-SIX and NO/100 ($666.00) DOLLARS.

(c) Between August 2003 and October 2003, Plaintiff COOSEMANS SPECIALTIES, INC. sold produce to MGA FARMERS MARKET in interstate commerce, the unpaid balance of which is ONE THOUSAND SEVEN HUNDRED NINETY-SIX and NO/100 ($1,796.00) DOLLARS.

(d) Between August 1, 2003 and August 31, 2003, Plaintiff D'ARRIGO BROS. CO. OF NEW YORK, INC. sold produce to MGA FARMERS MARKET in interstate commerce, the unpaid balance of which is EIGHT THOUSAND TWO HUNDRED FORTY-SIX and 50/100

($8,246.50) DOLLARS.

    (e)  Between July 2, 2003 and July 9, 2003, Plaintiff FIERMAN PRODUCE EXCHANGE, INC. sold produce to MGA FARMERS MARKET in interstate commerce, the unpaid balance of which is THREE THOUSAND TWO HUNDRED EIGHTY-SEVEN and NO/100 ($3,287.00) DOLLARS.

    (f)  Between March 21, 2003 and April 4, 2003, Plaintiff DORAL FINEST, INC. sold produce to MGA FARMERS MARKET in interstate commerce, the unpaid balance of which is SEVEN THOUSAND ONE HUNDRED SEVENTY-FIVE and NO/100 ($7,175.00) DOLLARS.

    (g)  Between July 31, 2003 and September 4, 2003, Plaintiff D.M. ROTHMAN PRODUCE CO., INC. sold produce to MGA FARMERS MARKET in interstate commerce, the unpaid balance of which is THREE THOUSAND TWO HUNDRED THIRTY-NINE and NO/100 ($3,239.00) DOLLARS.

    (h)  Between September 4, 2003 and October 9, 2003, Plaintiff SQUARE PRODUCE, INC. sold produce to MGA FARMERS MARKET in interstate commerce, the unpaid balance of which is FOUR THOUSAND SEVEN HUNDRED EIGHTY-NINE and NO/100 ($4,789.00) DOLLARS.

    (i)  Between July 9, 2003 and August 6, 2003, Plaintiff A.J. TRUCCO, INC. sold produce to MGA FARMERS MARKET in interstate commerce, the unpaid balance of which is EIGHT HUNDRED TWENTY-FOUR and NO/100 ($824.00) DOLLARS.

    (j)  Between July 11, 2003 and August 21, 2003, Plaintiff TOP BANANA CO., INC. sold produce to MGA FARMERS MARKET in interstate commerce, the unpaid balance of which is ONE THOUSAND THREE HUNDRED SIXTEEN and NO/100 ($1,316.00) DOLLARS.

20. Each of the plaintiffs are trust beneficiaries under PACA in that their invoices to MGA FARMERS MARKET contain the required statutory language as follows:

> The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act 1930 (7 U.S.C. 499 §e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities and any receivables or proceeds from the sale of these commodities until full payment is received.

21. PACA imposes the fiduciary duty upon buyers of perishable agricultural commodities such as MGA FARMERS MARKET to pay the unpaid balance of produce within (10) days from the date of delivery and not to dissipate or otherwise divert trust assets.

22. Plaintiffs delivered the produce to MGA FARMERS MARKET which was accepted.

23. At the time of receipt of the produce, plaintiffs became beneficiaries of a floating non-segregated statutory trust consisting of all produce, inventories of food or other products derived from produce, and any receivables, proceeds or assets from the sale of produce in the possession or control of Debtor.

24. Each Plaintiff preserved its status as a beneficiary of the statutory trust and remains a beneficiary until full payment is made for the produce.

25. MGA FARMERS MARKET has filed a petition in bankruptcy in the United States District Court for the Southern District of New York, under Docket No. 8-04-80070-sb.

26. MGA FARMERS MARKET has failed to honor its fiduciary duty in making payment for the unpaid balance of produce and has otherwise dissipated and diverted trust assets.

27. The failure of MGA FARMERS MARKET to pay the unpaid balance for produce constitutes a defalcation by MGA FARMERS MARKET, who was at all times, was acting in a

fiduciary capacity as the trustee of the non-floating segregating trust hereinbefore described.

28. By reason of the foregoing, the defendant should be directed to disgorge the sum of FORTY-THREE THOUSAND FOUR HUNDRED FORTY-FIVE and 50/100 ($43,445.50) DOLLARS with interest from March 2003.

29. The failure of MGA FARMERS MARKET to pay the unpaid balance for produce to the plaintiffs constitutes a violation of PACA and, as such, the plaintiffs are entitled to the relief requested herein.

## Count II
### (Interest and Attorney's Fees)

30. The plaintiffs repeat and reallege the allegations set forth in paragraphs "1" through "29" as through and fully set forth herein.

31. Pursuant to Section 5(c) of the PACA, 7 U.S.C. §499e(c) and the regulations thereto, Debtor is required by statute to maintain a trust in the collective amount of FORTY-THREE THOUSAND FOUR HUNDRED FORTY-FIVE and 50/100 ($43,445.50) DOLLARS in favor of plaintiffs in order to make full payment to plaintiffs of FORTY-THREE THOUSAND FOUR HUNDRED FORTY-FIVE and 50/100 ($43,445.50) DOLLARS.

32. As a result of Debtor's failure to make fully payment promptly of FORTY-THREE THOUSAND FOUR HUNDRED FORTY-FIVE and 50/100 ($43,445.50) DOLLARS, plaintiffs have lost the use of said money.

33. As a further result of Debtor's failure to make full payment promptly of FORTY-THREE THOUSAND FOUR HUNDRED FORTY-FIVE and 50/100 ($43,445.50) DOLLARS, plaintiffs have been required to pay attorney's fees and costs in order to bring this action to require

Debtor to comply with its statutory duties.

34. Plaintiffs will not receive full payment of FORTY-THREE THOUSAND FOUR HUNDRED FORTY-FIVE and 50/100 ($43,445.50) DOLLARS, as required by Section 5(c) of the PACA, 7 U.S.C. §499e(c), if they must expend part of said payment in attorney's fees, costs and loss of interest due to Debtor's violation of its statutory duty to maintain the trust and make full payment promptly.

35. By reason of the foregoing, the defendant should be directed to pay interest at the statutory rate from March 2003 and reasonable attorneys' fees to the plaintiffs.

WHEREFORE, plaintiffs respectfully request that the defendant MGA FARMERS MARKET disgorge the sum of FORTY-THREE THOUSAND FOUR HUNDRED FORTY-FIVE and 50/100 ($43,445.50) DOLLARS with interest from March 2003, together with reasonable attorneys' fees and such other and further relief as this Court deem just and proper.

Date: Westbury, New York
      February 13, 2004

Yours, etc.

KREINCES & ROSENBERG, P.C.

BY: _____
LEONARD KREINCES (LK6524)
Attorneys for Plaintiffs
900 Merchants Concourse, Suite 305
Westbury, New York 11590
(516) 227-6500

G:\WORK\HUNTSPOINT\NYPTA\MGA Farmers Market.Pahdhi\Complaint.Adversary.wpd